**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 224 EAL 2015 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the **Unpublished Memorandum and** |
| v. | : | **Order** of the Superior Court at No. 2887 |
| | : | EDA 2014 exited April 13, 2015, |
| | : | **affirming** the Order of the Philadelphia |
| RAHMIL FIELDS, | : | County Court of Common Pleas at No. |
| | : | CP-51-CR-0003495-2007 exited |
| Petitioner | : | September 23, 2014 |

## ORDER

**PER CURIAM**

**AND NOW**, this 24th day of February, 2016, the Petition for Allowance of Appeal is

**GRANTED** on the issue of whether Petitioner's sentence violates the prohibition against

mandatory life sentences for juvenile offenders announced by the Supreme Court of the

United States in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012). As a result of

the recent holding by that Court that *Miller* must be applied retroactively by the States,

*see Montgomery v. Louisiana*, 2016 WL 280758 (U.S. Jan. 25, 2016), the Superior

Court's order is **VACATED**, and the case is **REMANDED** for further proceedings

consistent with *Montgomery*.

To the extent necessary, leave is to be granted to amend the post-conviction

petition to assert the jurisdictional provision of the Post Conviction Relief Act extending

to the recognition of constitutional rights by the Supreme Court of the United States

which it deems to be retroactive. *See* 42 Pa.C.S. § 9545(b)(1)(iii).

The Petition for Allowance of Appeal is **DENIED** in all other respects.

Mr. Justice Eakin did not participate in the consideration or decision of this matter.